IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINZIE J. LEDBETTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10–cv–740–DRH–SCW |
| | ) |
| GOOD SAMARITAN MINISTRIES, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On May 13, 2011 the Court held a discovery dispute conference at the request of Plaintiff regarding Defendant's responses to Plaintiff's Amended Interrogatories to Defendant Under Rule 33 and Plaintiff's Production of Documents to Defendant Under Rule 34 and Entry Upon Land for Inspection and Other Purposes. Plaintiff sought to compel Defendant to further supplement its answer to the requests due to the numerous objections filed by Defendant in response to the requests.

Upon reviewing the background of the discovery dispute, Plaintiff noted that he had recently received supplemental responses from Defendant for both the Interrogatories and Request for Production of Documents. Upon reviewing those responses, Plaintiff admitted that the supplement to the Interrogatories alleviated the concerns he had with the previous response by Defendant and that he was satisfied with the responses he had received. However, Plaintiff noted that the supplement to the Production of Documents appeared to add nothing new to Defendant's original response and thus he sought to compel proper answers from Defendant on the Production of Documents.

As to the Production of Documents, Plaintiff objected to Defendant's response to Request #1 as he alleged that he had never received his personnel file even though counsels for the

Defendant insisted that they had provided Plaintiff with both a hard and electronic copy of his file. Defendant's counsels argued that they had submitted a hard copy of his personnel file along with their initial disclosures. They also stated that they had sent him a computer disc in which the first thirty pages of materials consisted of Plaintiff's personnel file. Plaintiff acknowledged that he had indeed received a disc of materials as well as Defendant's initial disclosures but that neither contained his personnel file. Defendant agrees to mail a copy of the personnel file to Plaintiff and thus the Court **DIRECTS** Defendant to mail an additional copy of the personnel file to Plaintiff.

The Court also directed defense counsel to verify with Defendant that no additional documentation exists concerning disciplinary or employment actions toward Plaintiff and certify that no additional documents exist, or if they do exist, to produce any such additional documentation within fourteen (14) days. As to the additional objections Plaintiff has with the remaining responses to the Request to Produce, these requests deal with personal third party information. Given that there is currently a motion to dismiss pending before the Court, the Court **STAYS** any further discovery in this case. Discovery is **STAYED** pending a ruling on Defendant's Motion to Dismiss (Doc. 15). Once a ruling has been issued by Chief Judge Herndon, the undersigned will set a status conference to reset discovery deadlines and take up any further objections to Defendant's responses.

As a final note, the Court noted during the discovery dispute hearing that it had received from Plaintiff, as part of his evidence for the discovery dispute conference, a letter directed to Plaintiff from Defendant's attorney Kristen Glasford. The letter was apparently written in response to Plaintiff's correspondence with defense counsel regarding discovery. In the letter Ms. Glasford informed Plaintiff that in light of the currently scheduled settlement conference "all pending discovery matters including depositions have been stayed." The letter also informed Plaintiff that Defendant would not respond to any additional discovery matter until after the conclusion of the settlement conference. Although Ms.

Glasford admits that her choice of wording was a mistake on her part, the representation to Plaintiff that discovery in this case was stayed was inaccurate and caused delay and unnecessary time and expense to this *pro se* Plaintiff. Therefore, the Court **ORDERED** reasonable costs against Defendant in the amount of $100, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 37(a)(5)**. Defendant is **ORDERED** to pay Plaintiff the amount of $100 to cover the reasonable costs of seeking an Order compelling Defendant to participate in discovery.

IT IS SO ORDERED.

DATED: May 13, 2011

/s/*Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge