IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LINZIE J. LEDBETTER,**

**Plaintiff,**

**v.**                                                       **No. 10-cv-740-DRH**

**GOOD SAMARITAN MINISTRIES,**[1]

**Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Now before the Court are defendant Good Samaritan Industries- A Project of the Carbondale Interfaith Council's motions to dismiss plaintiff Linzie J. Ledbetter's complaint (Doc. 15) and to strike plaintiff's motion for district court to denied [sic] motion by defendant to dismiss plaintiff's complaint (Doc. 20).

Also pending before the Court are plaintiff's motions for leave to filed [sic] a supplemental brief to denied [sic] motion by the defendant to strike plaintiff's motion for district court to denied [sic] motion by defendant to dismiss plaintiff's complaint (Doc. 26) and for leave to strike defendant's response to plaintiff's motion for leave to filed [sic] a supplemental brief (Doc. 30).

---

[1] The Court notes plaintiff incorrectly identified defendant as Good Samaritan Ministries. Defendant states in its pleadings defendant's correct entity name is Good Samaritan Ministries- A Project of the Carbondale Interfaith Council. The Court refers to defendant by its correct entity name.

For the following reasons, defendant's motion to dismiss (Doc. 15) is GRANTED. Defendant's motion to strike plaintiff's response (Doc. 20) is DENIED. Plaintiff's motion for leave to file a supplemental brief (Doc. 26) is DENIED. Plaintiff's motion for leave to strike defendant's response to plaintiff's motion for leave to file a supplemental brief (Doc. 30) is DENIED as MOOT.

## Introduction and Background

Plaintiff alleges defendant unlawfully terminated and simultaneously rehired plaintiff based on his race and sex (*See* Doc. 1). On June 21, 2010, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) (Doc. 1, p. 9). The EEOC filed plaintiff's claim with the Illinois Department of Human Rights (IDHR). On June 28, 2010, the EEOC issued plaintiff a dismissal and notice of suit rights. On September 24, 2010, plaintiff filed a pro se complaint alleging various claims of race and sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Title VII) and 42 U.S.C. § 1981 (Section 1981) (Doc. 1, p. 2). Plaintiff alleges seven counts of discrimination. Plaintiff is a general staff member at defendant's not-for-profit corporation (*See* Doc. 1).

On December 15, 2010, defendant filed a motion to dismiss the instant action (Doc. 15). On January 12, 2011, plaintiff filed his response (Doc. 19). Although plaintiff titled the document as a motion, the Clerk of the Court filed the document as a response to defendant's motion. Defendant filed a motion to strike plaintiff's response on January 19, 2011 (Doc.20). Plaintiff then filed a document

titled plaintiff's motion to the district court for leave to filed [sic] a supplemental brief to denied [sic] motion by the defendant to strike plaintiff's motion for district court to denied [sic] motion by defendant to dismiss plaintiff's complaint on January 31, 2011 (Doc. 26). Defendant timely responded to this motion on February 4, 2011 (Doc. 28). Finally, plaintiff filed a motion titled plaintiff's motion [to] the district court for leave to strike defendant's response to plaintiff's motion for leave to filed [sic] a supplemental brief on February 16, 2011 (Doc. 30).

## Law and Application

### 1. Preliminary Matters

#### a. Defendant's Motion to Strike Plaintiff's Response is Denied

Before reaching the merits of defendant's motion to dismiss, the most pertinent motion currently pending in this matter, the Court must address motions both parties filed subsequent to defendant's motion to dismiss. First, defendant's motion to strike plaintiff's response to defendant's motion to dismiss. Defendant argues that although the Clerk of the Court filed the document as a response, despite its title of motion, plaintiff' fails to respond to any of the matters raised in defendant's motion to dismiss. However, it is well settled that "[w]hen determining the character of a pro se filing . . . courts should look to the substance of the filing rather than its label." *U.S. v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004). Further, "district courts must construe pro se pleadings liberally." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) (citing *Haines*

*v. Kerner*, 92 S. Ct. 594 (1972)). Application of less stringent standards to pro se pleadings is required as they are drafted without the assistance of counsel. *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981).

Defendant is incorrect in stating plaintiff fails to respond to any of the matters raised in its motion to dismiss. Although plaintiff does not specifically address every matter defendant put forth with clarity, he does attempt to follow the form and substance of defendant's arguments. In looking to the substance of plaintiff's document, as opposed to its title, the Court finds the document is a response. Moreover, in affording plaintiff the liberal pleading standard allowed all pro se litigants, the Court denies defendant's motion to strike. However, the Court notes plaintiff asserts numerous facts in his response not alleged in his complaint. To that extent, the Court will not rely on plaintiff's response.

### b. Plaintiff's Motion to the District for Leave to File a Supplemental Brief is Denied

It is also necessary to dispose of plaintiff's motion for leave to file a supplemental brief before reaching the merits of defendant's motion to dismiss. Presumably, plaintiff moves to supplement his response to defendant's motion to dismiss. Under local rule 7.1(c),

> If a party believes it is necessary to supplement its brief with new authority due to a change in the law or facts that occurred after the filing of its brief, the party must seek leave of court to file a supplemental brief. The supplemental authority shall be filed in accordance with the supplemental authority provisions found in Federal Rule of Appellate Procedure 28(j).

SDIL-LR 7.1(c). Thus, pursuant to local rule 7.1(c) and FEDERAL RULE OF APPELLATE PROCEDURE 28(j), a motion for leave to file a supplemental brief must set forth reasons necessitating supplemental authority; such as a change in law or facts since the filing of its response.

Plaintiff's motion for leave to file a supplemental brief does not describe a change in the law or facts of his case after the filing of his response to defendant's motion to dismiss. Further, it does not state reasons necessitating the filing of a supplemental brief. Plaintiff merely elaborates on the allegations of his complaint. Thus, plaintiff asserts numerous facts known to him prior to the filing of his response. As plaintiff has not met the requirements of local rule 7.1(c), his motion for leave to file a supplemental brief is denied. Further, as plaintiff's motion to file a supplemental brief is denied, his motion for leave to strike defendant's response to his motion for leave to file a supplemental brief is denied as moot.

### 2. Defendant's Motion to Dismiss

Defendant's motion to dismiss raises alternative arguments for dismissal; failure to exhaust administrative remedies and failure to state a claim upon which relief can be granted pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).

### I. Failure to Exhaust Administrative Remedies

#### a. Legal Standard

Plaintiff's claims of racial and gender discrimination are brought pursuant to both Title VII and Section 1981 (Doc 1, p. 2). Title VII prohibits employers

from discriminating against their employees based on race. *See* 42 U.S.C. § § 2000e-2(a)(1). Title VII also prohibits retaliation or discrimination against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). Section 1981 prohibits racial discrimination and retaliation against employees when a contractual relationship exists between the employer and employee. *See Thompson v. Mem. Hosp. of Carbondale*, 625 F.3d 394, 402-03 (7th Cir. 2010); *Hobbs v. City of Chi.*, 573 F.3d 454, 460 (7th Cir. 2009). Although the statutes differ in the types of discrimination proscribed, "the methods of proof and elements of the case are essentially identical." *McGowan v. Deere & Co.*, 581 F.3d 575, 579 (7th Cir. 2009); *see also Benders v. Bellows &* Bellows, 515 F.3d 757, 769 n. 7 (7th Cir. 2008) ("The same standards for proving intentional discrimination apply to Title VII and Section 1983 equal protection claims.").[2]

To bring suit under Title VII in federal court, a plaintiff must first exhaust administrative remedies. *See* 42 U.S.C. § 2000e-5. However, exhaustion is not required under Section 1981. *See Walker v. Abbott Labs.,* 340 F.3d 471, 474 (7th Cir. 2003). Exhaustion of administrative remedies under Title VII requires plaintiff, (1) file a complaint with the EEOC within 180 days of the discriminatory employment action, or within 300 days of the employment action if an equivalent state agency exists; and (2) receive a notification from the EEOC that it does not intend to sue, commonly referred to as a "right to sue letter." *See Doe v.*

---

[2] The Court notes not all variances of racial discrimination claims are cognizable under both Title VII and Section 1981. *See Palmer v. Bd. of Educ. of Cmty. Unit Sch. Dist. 201-U, Will Cnty, Ill.*, 46 F.3d 682, 686 (7th Cir. 1995). To the extent the requirements differ, the Court will make note of this.

*Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006) (citing 42 U.S.C. §§ 2000e-5(c), (e), (f)(1)).

### b. Counts I Through VI Dismissed on Other Grounds

The conduct alleged took place on or around June 18, 2010. Plaintiff filed the EEOC charge on June 21, 2010. Thus, plaintiff filed the charge within 180 days of the conduct at issue. The EEOC filed plaintiff's claim with the IDHR. The EEOC issued plaintiff a right to sue letter seven days after plaintiff filed his charge of discrimination (Doc. 1, pp. 9, 11). Defendant argues Title VII requires that "state and local agencies [be] given an initial deferral period of at least sixty days to investigate a charge of discrimination," before plaintiff can bring suit in federal court (Doc. 15, p. 2) (citing *Zugay v. Porgressive Care, S.C.*, 180 F.3d 901. 902 (7th Cir. 1999)). However, to the extent Counts I through VI also rest on Section 1981; thus, not requiring exhaustion, and are dismissed for failure to state a claim under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), the Court declines to reach the merits of this argument.[3]

### c. Count VII Dismissed for Failure to Exhaust Administrative Remedies

Count VII asserts a claim for failure to promote based on race. Plaintiff alleges he was not promoted to "van driver." Nevers, a Caucasian male with less seniority, allegedly received the promotion (Doc. 1, p. 7). A claim for failure to promote is not cognizable under Section 1981. *See Palmer v. Bd. of Educ. of*

---

[3] The Court notes plaintiff's claim of gender discrimination (Count II) is not cognizable under Section 1981. *See Friedel v. City of Madison*, 832 F.2d 965, 967 n. 1 (7th Cir. 1987). However, the Court dismisses Count II on other grounds.

*Cmty. Unit Sch. Dist. 201-U, Will Cnty, Ill.*, 46 F.3d 682, 686 (7th Cir. 1995). Thus, plaintiff must exhaust his administrative remedies pursuant to Title VII before bringing a claim for failure to promote in federal court. *See* 42 U.S.C. § 2000e-5.

Simply filing an EEOC charge and receiving a right to sue letter does not meet the exhaustion requirements required to bring suit under Title VII. The EEOC charge must be sufficiently broad to include the charges later filed in federal court. *See Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003). Thus, the claims must be "within the scope of the EEOC charge." *Id.* (citing *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 502 (7th Cir. 1994)). This requires the Court to ask, "what EEOC investigation could reasonably be expected to grow from the original complaint?" *Id.* (citing *Novitsky v. Am. Consulting Eng'rs, L.L.C.*, 196 F.3d 699, 701 (7th Cir. 1999)). Therefore, "[w]hen an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge." *Id.* (citing *Cheek*, 31 F.3d at 503).

Although plaintiff filed a charge of discrimination with the EEOC, his charge did not allege failure to promote as a basis for discrimination. Plaintiff's charge merely describes an incident involving plaintiff's eviction of a resident "for not doing her chores" and his belief this led to his termination and simultaneous rehiring in violation of Title VII and Section 1981 (Doc. 1, p. 9). Nothing in

plaintiff's charge could reasonably lead one to conclude plaintiff was the victim of a failure to promote claim in violation of Title VII. Thus, plaintiff has not exhausted his administrative remedies in relation to his failure to promote claim under Title VII. Accordingly, Count VII is dismissed without prejudice.

## II.   Failure to State a Claim Upon Which Relief can be Granted

### a. Legal Standard

FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) requires plaintiff provide a "short and plain statement of the claim showing that [he] is entitled to relief." To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1959 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

Pro se complaints, such as plaintiff's in the instant action, require liberal construction and are "held to less stringent standards than formal pleadings drafted by attorneys." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). However, this "does not mean" a court "will fill in all of

the blanks in a *pro se* complaint." *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996). Moreover, "a *pro se* complainant can plead himself out of court by pleading facts that undermine the allegations set forth in his complaint." *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999). Thus, "[w]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 127 S. Ct. at 1966.

### b. Application

#### i. Counts I and II Dismissed With Prejudice

Counts I and II state allegations of race and gender discrimination based on the same conduct. Counts I and II state plaintiff is black. Plaintiff alleges another black male[4] less senior than plaintiff received a shift bid. Further, plaintiff alleges Elaine Thomas, a Caucasian woman possessing more seniority than plaintiff, previously received shift bids instead of plaintiff. Count I alleges this conduct demonstrates racial discrimination. In Count II, in reference to the same facts stated in Count I, plaintiff alleges discrimination based on his sex, male (Doc. 1, pp. 3-4).

##### 1. Count I: Race Discrimination

To establish a prima facie claim of race discrimination, plaintiff must demonstrate: "(1) that he belongs to a racial minority; (2) that he applied and was

---

[4] Although plaintiff's complaint only refers to the black male as Oba Oyeilumi, subsequent pleadings and attachments of plaintiff's admit Oyeilumi is a black male  (Doc. 1, p. 9); (Doc. 5-2).

qualified for a job for which the employer was seeking applicants; (3) that, despite his qualifications, he was rejected; and (4) the position was given to someone of a *different race* who had similar or lesser qualifications." *Malacara v. City of Madison*, 224 F.3d 727, 729 (7th Cir. 2000) (emphasis added).  Plaintiff admits defendant gave the shift bid at issue to someone of the same race as plaintiff. (Doc. 1, p. 9; Doc. 5-2).  Thus, plaintiff's claim fails as a matter of law and is dismissed with prejudice.

### 2.  Count II: Gender Discrimination

To establish a prima facie claim of gender discrimination, plaintiff must demonstrate: "(1) that he was a member of a protected class, (2) that he was performing his job satisfactorily, (3) that he suffered an adverse employment action, and (4) that [the defendant] treated a similarly situated individual outside [the] protected class more favorably."  *Montgomery v. American Airlines, Inc.*, 626 F.3d 382, 394 (7th Cir. 2010) (citing *Dear v. Shinseki*, 578 F.3d 605, 609 (7th Cir. 2009)).  In a reverse discrimination case, such as the claim at issue as plaintiff is a male, the first prong of the prima facie claim requires modification as it "is the unusual employer who discriminates against majority employees." *Mills v. Health Care Serv. Corp.*, 171 F.3d 450, 456-57 (7th Cir. 1999).  The plaintiff must "show background circumstances sufficient to demonstrate that the particular employer has reason or inclination to discriminate invidiously against whites [or men] or evidence that there is something 'fishy' about the facts at hand." *Hague v. Thompson Distribution Co.*, 436 F.3d 816, 820 (7th Cir. 2006)

(citations omitted) (internal quotations omitted). Further, "differences in seniority will tend to make two employees dissimilar for purposes of the plaintiff's prima facie claim." *Tyson v. Gannett Co., Inc.,* 538 F.3d 781, 784 (7th Cir. 2008).

Plaintiff has not alleged background circumstances demonstrating defendant had reason to discriminate against men. Moreover, plaintiff admits Thomas, the woman given shift bids previously, has more seniority than plaintiff (Doc. 1, p. 3). Thus, plaintiff and Thomas are not similarly situated. Plaintiff has not stated a claim upon which relief can be granted. Accordingly, Count II is dismissed with prejudice.

### ii. Counts III Through VI Dismissed Without Prejudice

Counts III through VI allege claims of race discrimination in violation of Title VII and Section 1981 based on related events that resulted in plaintiff's simultaneous termination and rehiring on June 18, 2010.

#### 1. Count III Dismissed Without Prejudice

Summarily, Count III alleges plaintiff asked a resident to complete a chore, resulting in plaintiff's termination for "following the policies too strictly" (Doc. 1, p. 4). However, in plaintiff's response to defendant's motion to dismiss, plaintiff asks the Court to dismiss Count III (Doc. 19, p. 7). Based on plaintiff's request, Count III is dismissed without prejudice.

#### 2. Count IV Dismissed Without Prejudice

Count IV alleges plaintiff's termination and simultaneous rehiring resulted from "retaliation, harassment, intimidation, and creation of a hostile work

environment, base[d] on race" (Doc. 1, p. 5). Plaintiff describes an incident involving the drunkenness of Keith Nevers, a fellow employee, in violation of defendant's policy. To summarize and infer, plaintiff states his termination and simultaneously rehiring resulted from his reporting of Nevers' violation. Plaintiff states his co-workers used plaintiff's reporting of Nevers as a means of obtaining plaintiff's termination and rehiring. *Id.*

### a. Retaliation

Title VII makes it unlawful "for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). This type of discrimination is commonly referred to as "retaliation." To establish a prima facie claim of retaliation under Title VII, plaintiff must demonstrate that: "(1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action by his employer; and (3) a causal connection exists between the two." *Moser v. Ind. Dept. of Corr.*, 406 F.3d 895, 903 (7th Cir. 2005).

Plaintiff has not alleged he engaged in statutorily protected activity. A report of a co-worker's drunkenness is not the type of activity contemplated under Title VII. For example, statutorily protected activity could include a report of discrimination to a supervisor. However, the report would have to include a complaint of unlawful discrimination or sufficient facts to support that inference. *See Adonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 851 (7th Cir. 2008). As

plaintiff has not alleged statutorily protected activity, his claim of retaliation fails as a matter of law.

### b. Hostile Work Environment

An employer violates Title VII if responsible for a "hostile work environment." *Cooper-Schut v. Visteon Automotive Sys.*, 361 F.3d 421, 426 (7th Cir. 2004) (citing *Mason v. S. Ill. Univ. at Carbondale*, 233 F.3d 1036, 1043 (7th Cir. 2000)).  Hostile environments are "permeated with discriminatory intimidation, ridicule and insult." *Id.* (quoting *Shanoff v. Ill. Dept. of Human Servs.*, 258 F.3d 696, 704 (7th Cir. 2001)).  A claim under Title VII for a hostile work environment requires plaintiff demonstrate that: "(1) he was subject to unwelcome harassment; (2) the harassment was based on his race [or sex]; (3) the harassment was severe [or] pervasive so as to alter the conditions of the employee's environment; and (4) there is basis for employer liability." *Id.* (quoting *Mason*, 233 F.3d at 1043 (7th Cir. 2000)).

Plaintiff has not alleged facts sufficient to state a claim for hostile work environment.  Even accepting, *arguendo*, plaintiff has alleged sufficient facts demonstrating he was subject to unwelcome harassment, thus establishing element one, he has not alleged facts sufficient to support elements two, three, or four of a hostile work environment claim.

Plaintiff merely alleges his termination and simultaneous rehiring resulted from plaintiff's reporting Nevers' alleged violation of defendant's employee policies.  As to element two, Plaintiff does not allege facts inferring his termination

and rehiring were "based on his race." *Id.* Further, as to element three, although the Court finds the exact nature of the conduct alleged difficult to discern, it clearly does not rise to the level of severity or pervasiveness required to state a claim for hostile work environment. *See Hostetler v. Quality Dining, Inc.,* 218 F.3d 798, 806-07 (7th Cir. 2000) (stating, whether the harassment rises to the required level of severity "turns on a constellation of factors that include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's performance") (internal quotations omitted).

Finally, as to element four, the allegations of Count IV do not clearly state a basis for employer liability. As the Seventh Circuit has explained:

> The standard for employer liability turns on whether the alleged harasser was the plaintiff's supervisor, instead of a mere co-worker. Harassment by a supervisor of the plaintiff triggers strict liability, subject to the possibility of an affirmative defense in the event the plaintiff suffered no tangible employment action. Conversely, an employer may be found liable for hostile work environment created by an employee who was not the plaintiff's supervisor only where the plaintiff proves that the employer has been negligent either in discovering or remedying the harassment.

*Rhodes v. Ill. Dep't. of Transp.,* 359 F.3d 498, 505-06 (7th Cir. 2004) (quotations and citations omitted). The conduct plaintiff alleges seemingly involves co-workers, not a supervisor. Plaintiff has not alleged defendant's negligence in failing to prevent the alleged harassment plaintiff faced at the hands of co-workers. Moreover, the alleged harassment plaintiff complains of was not race-

related.  Thus, plaintiff has not alleged facts sufficient to support a claim for hostile work environment.  Accordingly, Count IV is dismissed without prejudice.

### 3.  Count V Dismissed Without Prejudice

Count V restates allegations concerning plaintiff's belief his termination resulted from following defendant's policies too strictly.  Plaintiff elaborates on these allegations.  Plaintiff asserts he directed a female resident to perform a chore while plaintiff was on-duty.  A chore Nevers, off duty at the time, previously informed the resident she was not required to perform.  Plaintiff states defendant has a policy holding on-duty general staff members have discretion regarding residents and their chores.  Plaintiff alleges he was "fired then rehired on June 18, 2010, because Mike Heath [a]nd Bobby Anderson [staff supervisors] said that [Nevers, a general staff member,] could make the decision [t]hat [a resident] did not have to do her chore on June 17, 2010" (Doc. 1, p.6).  Plaintiff alleges Nevers was not disciplined for his alleged violation of policy, whereas plaintiff was terminated and simultaneously rehired for following defendant's alleged policies (Doc. 1, pp. 5-6).

Similarly to Count I, plaintiff has failed to allege facts demonstrating a prima facie claim of race discrimination.  *See Malacara v. City of Madison*, 224 F.3d 727, 729 (7th Cir. 2000).  Plaintiff's allegations in Count V are contradictory.  Plaintiff states staff supervisors told Nevers, a general staff member, he "could make the decision that [the resident] did not have to do her chore on June 17, 2010" (Doc. 1, p. 6).  Plaintiff does not state staff supervisors do not have

discretion concerning resident chore policy. He merely states an off-duty general staff member, such as Nevers, cannot contradict an on-duty general staff member, such as plaintiff during the incident in question. Thus, as "a pro se complainant can plead himself out of court by pleading facts that undermine the allegations set forth in his complaint," plaintiff has failed to allege actionable conduct. *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999).

Further, regardless of the discrepancies in plaintiff's statements, he fails to allege that he and Nevers are similarly situated employees. *See Snipes v. Ill. Dept. of Corr.*, 291 F.3d 460, 463 (7th Cir. 2002). A plaintiff claiming discipline more harsh than that of a similarly situated employee based on race "must show he is similarly situated with respect to performance, qualifications and conduct." *Id.* (citing *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617 (7th Cir. 2000)). Normally, this requires establishing that "the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Id.* (citations omitted).

Although plaintiff states he and Nevers have the "same job title," plaintiff does not allege sufficient facts demonstrating the two general staff members are similarly situated (Doc, 1, p. 6). Further, plaintiff's Count V is completely devoid of allegations linking defendant's alleged punishment of plaintiff to his race.

Accordingly, plaintiff's Count V claim of racial discrimination in violation of Title VII is dismissed without prejudice.

### 4. Count VI Dismissed Without Prejudice

Count VI describes an event related to the chore incident. Affording the complaint the most liberal construction possible, it appears plaintiff is alleging certain employees conspired together to achieve his termination. Plaintiff alleges these employees told plaintiff's supervisor plaintiff made the resident cry by directing her to complete her chore. (Doc. 1, pp. 6-7). It is unclear to the Court how this resulted in plaintiff's termination and simultaneous rehiring.

Count VI fails to allege a claim of racial discrimination. Despite the liberal construction afforded pro se complaints, a court "will [not] fill in all the blanks." *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996). The difficult-to-follow narrative of events described in Count VI fails to meet the liberal pleading requirements of pro se complaints. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, Count VI is dismissed without prejudice.

### 5. Count VII Dismissed Without Prejudice

As stated previously, Count VII is dismissed without prejudice for failure to exhaust administrative remedies under Title VII.

### Conclusion

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Doc. 15). Counts I and II are DISMISSED with prejudice. Counts III through VII are DISMISSED without prejudice. The Court DENIES Defendant's

motion to strike plaintiff's response (Doc. 20).  Plaintiff's motion to file a supplemental brief (Doc. 26) is DENIED.  Plaintiff's motion to strike defendant's response to plaintiff's motion to file a supplemental brief (Doc. 30) is DENIED as MOOT.

Lastly, the Court ALLOWS plaintiff 30 days from this Order to file an amended complaint that comports with this Order, the Local Rules of this Court, and the FEDERAL RULES OF CIVIL PROCEDURE.

**IT IS SO ORDERED.**

Signed this 22nd day of September, 2011.

Digitally signed by
David R. Herndon
Date: 2011.09.22
15:52:04 -05'00'

**Chief Judge**
**United States District Court**