## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LINZIE J. LEDBETTER,**

**Plaintiff,**

**v.**

**GOOD SAMARITAN MINISTRIES,**[1]

**Defendant.**                                        **No. 10-cv-740-DRH-SCW**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I.    INTRODUCTION

Now before the Court is defendant Good Samaritan Industries- A Project of the Carbondale Interfaith Council's motion for judgment on the pleadings, or in the alternative, to dismiss plaintiff Linzie J. Ledbetter's amended complaint (Doc. 50). As plaintiff's amended complaint, consisting of 20 pages of narrative, does not comply with the FEDERAL RULES OF CIVIL PROCEDURE and is wholly inadequate to put defendant on notice of the allegations against it, the Court **GRANTS** defendant's motion and dismisses plaintiff's amended complaint **without prejudice**.

---

[1]  The Court notes plaintiff incorrectly identified defendant as Good Samaritan Ministries. Defendant's correct entity name is Good Samaritan Ministries- A Project of the Carbondale Interfaith Council.  The Court refers to defendant by its correct entity name.

## II.   <u>BACKGROUND</u>

Generally, plaintiff alleges defendant unlawfully terminated and simultaneously rehired plaintiff based on his race.  On June 21, 2010, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  On June 28, 2010, the EEOC issued plaintiff a dismissal and notice of suit rights.   On September 24, 2010, plaintiff filed a *pro se* complaint alleging various claims of race and sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Title VII) and 42 U.S.C. § 1981 (Doc. 1, p. 2).  Initially, plaintiff alleged seven counts of discrimination (*See* Doc. 1).

Defendant filed a motion to dismiss plaintiff's claims for failure to exhaust administrative remedies, or alternatively, for failure to state a claim under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (Doc. 15), which the Court granted on September 22, 2011 (Doc. 48). The Court dismissed plaintiff's Counts I and II with prejudice. The Court dismissed plaintiff's Counts III through VII without prejudice, allowing plaintiff 30 days to file an amended complaint. Thus, plaintiff filed the instant 24 page narrative complaint on October 24, 2011 (Doc. 49). Thereafter, defendant filed the instant motion for judgment on the pleadings under RULE 12(c), or alternatively, to dismiss plaintiff's amended complaint (Doc. 50). As plaintiff has responded to defendant's motion, it is ripe for resolution (Doc. 51).

### III.   <u>LAW AND APPLICATION</u>

Defendant first seeks judgment on the pleadings pursuant to Rule 12(c). *See* FED. R. CIV. P. 12(c). Defendant correctly states that to prove a claim of race discrimination, plaintiff "must show he is similarly situated with respect to performance, qualification, and conduct." *Snipes v. Ill. Dept. of Corr.,* 291 F.3d 460, 463 (7th Cir. 2002). Thus, in reliance on plaintiff's statement in his complaint that, "[i]n similarly situated 2,3,4, above, the situations are not consider[ed] similarly situated, but are about a general staff person not being able to make decisions on another general staff person shift," defendant states plaintiff has pleaded himself out of court. *See Henderson v. Sheahan,* 196 F.3d 839, 846 (7th Cir. 1999) ("[A] *pro se* complainant can plead himself out of court by pleading facts that undermine the allegations set forth in his complaint.").  As set forth in more detail below, plaintiff's instant amended complaint is wholly inadequate to put either defendant or the Court on notice of plaintiff's allegations. As such, the Court declines to grant defendant judgment on the pleadings at this time.

Alternatively, defendant seeks dismissal of plaintiff's amended complaint as it does not comply with RULE 8(a)(2) or RULE 10(b). *See* FED. R. CIV. P. 8(a)(2); FED. R. CIV. P. 10(b). RULE 8(a)(2) requires that a pleading contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Additionally, as to the form of pleadings, RULE 10(b) states, "[a] party must state its claims or defenses

in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense." FED. R. CIV. P. 10(b).

The Seventh Circuit has recently commented on the purposes of RULES 8 and 10, noting, "[t]he primary purpose of these rules is to give defendants notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (Rule 8(a)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, "[t]he pleading requirements also 'frame[ ] the issue[s] and provide the basis for informed pretrial proceedings.'" *Id.* (quoting *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000) (discussing Rule 10(b)))

As the *Nygren* Court further noted, two themes emerge from the Seventh Circuit's treatment of dismissals under RULES 8 and 10. First, "[w]here a complaint does not comply with Rule 8's mandate of 'a short and plain statement of the claim' but nevertheless puts the defendant on notice of the plaintiff's claims, dismissal is inappropriate 'merely because of the presence of superfluous matter.'" *Id.* (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)); *but see United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Length may make a complaint unintelligible[ ] by scattering and concealing in a morass of irrelevancies the few allegations that

matter."). However, second, and most relevant to the instant dispute, "[t]hough length alone is generally insufficient to justify rejecting a complaint, unintelligibility is certainly a legitimate reason for doing so." *Id.* at 797-98. Thus, as, "the issue is notice; where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Id.* at 798 (citing *Garst,* 328 F.2d at 378 ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.")).

Plaintiff's instant complaint consists of 20 pages of difficult-to-follow narrative generally alleging various claims of discrimination that encompass distinct incidents and persons. As plaintiff does not differentiate which facts support which claims, and does not state claims simply and concisely in numbered paragraphs each limited to a single set of circumstances, defendant and the Court are unable to discern the basis of plaintiff's allegations. Based on plaintiff's narrative, it is impossible for defendant to differentiate and respond to the claims alleged against it, a task which is especially necessary in the instant case as the Court has dismissed two of plaintiff's initially alleged counts with prejudice. Even under the liberal pleading requirements of *pro se* complaints, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), plaintiff's complaint is wholly inadequate to put defendant on notice of the claims against it. Thus, defendant's motion is **GRANTED** (Doc. 50). However, the Court will not dismiss plaintiff's

remaining claims on the merits, and the dismissal is without prejudice. Thus, should plaintiff choose, he will file within **30 days** from the date of this Order, a second amended complaint in compliance with the following directives:

1. For the sake of clarity, plaintiff shall set forth separate transactions or occurrences as separate counts.

2. The pleadings within the separate counts shall be set forth in numbered paragraphs.

3. The factual allegations, set forth in the numbered paragraphs, shall, where possible, be organized in chronological fashion.

4. Each paragraph shall be **short and concise** and shall state (1) what is alleged to have occurred; (2) where possible, the date and location that the action is alleged to have occurred; (3) the parties responsible for the alleged action; and (4) how the alleged action is related to a deprivation of plaintiff's rights.

5. If possible, the pleading shall be typewritten. If the pleading must be handwritten, plaintiff shall take care to use neat and legible handwriting. Further, plaintiff shall write only on one side of each page and shall double space the document by skipping lines on the page.

6. Finally, the second amended complaint which shall comply with the directives of this Order, the Court's previous Order of dismissal (Doc. 48), the FEDERAL RULES OF CIVIL PROCEDURE, and the Local Rules of this Court, must be filed with the Court within **30 days** of the date of this Order. **Failure to file the pleading by that date will result in dismissal of this case with prejudice.**

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's motion for judgment on the pleadings, or in the alternative, to dismiss plaintiff's amended complaint (Doc. 50).   Plaintiff's amended complaint is **dismissed without**

**prejudice**. Plaintiff shall file his second amended complaint within **30 days** of the date of this Order.

**IT IS SO ORDERED.**

Signed this 5th day of July, 2012.

Digitally signed by
David R. Herndon
Date: 2012.07.05
15:01:58 -05'00'

**Chief Judge**
**United States District Court**