## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LINZIE J. LEDBETTER,**

**Plaintiff,**

**v.**

**GOOD SAMARITAN MINISTRIES,**[1]

**Defendant.**                                        **No. 10-cv-740-DRH-SCW**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I.    INTRODUCTION

Now before the Court is defendant Good Samaritan Ministries' motion to dismiss plaintiff Linzie J. Ledbetter's second amended complaint with prejudice for failure to state a claim (Doc. 72). As plaintiff's second amended complaint fails to state a claim for which relief may be granted, defendant's motion is **GRANTED.** Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE**.

### II.   BACKGROUND

Plaintiff, an African-American male, has been an employee of defendant, a not-for-profit ministry, since November 2007. On June 21, 2010, plaintiff filed a charge of discrimination with the EEOC alleging discrimination based on race and

---

[1] The Court notes plaintiff incorrectly identified defendant as Good Samaritan Ministries. Defendant's correct entity name is Good Samaritan Ministries- A Project of the Carbondale Interfaith Council.

sex, as well as retaliation (Doc. 1, p. 9).[2] Most notably, his charge stated he was "terminated and rehired because of an issue with a resident where [he] was going to have to evict her for not doing her chores." He further states, Keith Nevers, a white male general staff member, told her she did not have to do her chores. Seven days later, the EEOC issued plaintiff a right to sue letter (Doc. 1, p. 11).

Thus, On September 24, 2010, plaintiff filed a *pro se* complaint alleging various claims of race and sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Title VII) and 42 U.S.C. § 1981 (Doc. 1, p. 2).   Initially, plaintiff alleged seven counts of discrimination (*See* Doc. 1). Defendant successfully moved to dismiss plaintiff's initial complaint (Doc. 15). The Court dismissed Count I, race discrimination based on an African-American male less senior than plaintiff receiving a shift bid, and Count II, gender discrimination based on a white female more senior than plaintiff receiving a shift bid, with prejudice.   The Court dismissed Counts III through VII without prejudice, allowing plaintiff to file his first amended complaint (Doc. 48).

Plaintiff filed his first amended complaint on October 24, 2011 (Doc. 49), consisting of 20 pages of difficult-to-follow narrative generally alleging various claims of discrimination that nonsensically encompassed distinct incidents and persons. Thus, it was wholly inadequate to put defendant on notice of the claims

---

[2]  The Court can consider the content of the EEOC charge without converting defendant's motion to a summary judgment because the EEOC charges are attached to the initial complaint and are a part of the pleadings. Fed. R. Civ. P. 10(c); Fed R. Civ. P. 12(d).

against it. On that basis, the Court granted defendant's motion to dismiss plaintiff's first amended complaint, additionally providing plaintiff detailed instructions concerning how best to construct his second amended complaint to provide the requisite notice to defendant (Doc. 70).

This brings the Court to plaintiff's second amended complaint, his instantly controlling pleading (Doc. 71). In direct contravention of the Court's directions, plaintiff's second amended complaint consists of 28 pages, 122 paragraphs, and three counts, labeled Count IV (Doc. 71, p. 5), Count V (Doc. 71, p. 13) and Count VI (Doc. 71, p. 18). Notably, the separate "counts" encompass much of the same conduct and alleged claims.

Plaintiff alleges he was disciplined more harshly than employee Nevers. To infer and summarize, plaintiff alleges defendant has a policy enabling only on-duty general staff members to make decisions concerning whether to discipline defendant's residents for not performing chores. Apparently, Nevers, off-duty at the time, told a female resident on plaintiff's shift that she did not have to perform a chore. Plaintiff states Nevers was not disciplined for this alleged infraction, while plaintiff was "simultaneously fired and rehired" for attempting to evict this resident for not doing her chores. Plaintiff alleges Mike Heath, a white male director, and Bobby Anderson, an African-American male supervisor, simultaneously fired and rehired plaintiff on June 18, 2010, for "following the rules too strictly." Additionally, plaintiff generally alleges he was threatened with termination, "harassed," and intimidated. He also describes at length problems he

has had with supervisors and employees in the past. For example, he generally alleges various supervisors tried to provoke arguments between himself and co-workers, accused him of taking various actions against residents which plaintiff alleges he did not take, "harassed" plaintiff for objecting to an employee's termination, and "harassed" him for "checking" to see if Nevers was drunk. On the basis of these and other tangentially related incidents, plaintiff's second amended complaint brings three separate "counts," each alleging retaliation and hostile work environment.

Defendant instantly moves to dismiss plaintiff's second amended complaint, seeking dismissal with prejudice of plaintiff's remaining claims pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (Doc. 72). As plaintiff responded in opposition to defendant's motion, this dispute is ripe for judicial resolution (Doc. 73). As this is plaintiff's third unsuccessful attempt to state actionable claims, defendant's motion is **GRANTED** and plaintiff's remaining amended claims are **DISMISSED WITH PREJUDICE** (Doc. 72).

### III.   <u>LAW AND APPLICATION</u>

#### i.  **Legal Standard**

FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) requires plaintiff provide a "short and plain statement of the claim showing that [he] is entitled to relief."  A RULE 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge 7*, 570 F.3d 811, 820 (7th Cir. 2009).

The Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that RULE 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." The Seventh Circuit has stressed: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the allegations must "raise a right to relief above the speculative level." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). Similarly, the court remarked in *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010): "It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In making this assessment, the district court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

### ii. Race Discrimination

Title VII prohibits intentional employment discrimination on the basis of race. *See* 42 U.S.C. § 2000e-2.[3] To make out a *prima facie* claim of discrimination under Title VII, a plaintiff must establish the following elements: (1) he is a member of a protected class; (2) he was meeting his employer's

---

[3] Although plaintiff brings his claims pursuant to both Title VII and 42 U.S.C. § 1981, as the elements and methods of proof for § 1981 claims are "essentially identical" to those under Title VII, *Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010), the Court does not feel it necessary to analyze them separately.

legitimate performance expectations; (3) he suffered an adverse employment action; and (4) he was treated less favorably than similarly-situated individuals who are not members of his protected class. *Barricks v. Eli Lilly & Co.*, 481 F.3d 556, 559 (7th Cir. 2007). However, the Seventh Circuit has stated that to adequately *plead* a claim of gender or race discrimination, "a plaintiff alleging [employment] discrimination . . . may allege [such] claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Specifically, "in order to prevent dismissal under Rule 12(b)(6), a complaint alleging [employment] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [protected status]." *Id.* at 1084. "[O]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of [his protected status], there is no further information that is both easy to provide and of clear critical importance to the claim." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 782 (7th Cir. 2007).

Despite this general standard, a thorough review of plaintiff's second amended complaint demonstrates he has failed to adequately plead a claim of race discrimination. Plaintiff's allegations contained in his second amended complaint and his charge of discrimination (Doc. 1, p. 9), state he was "fired and simultaneously rehired" during a meeting with both an African-American supervisor, Anderson, and white director, Heath. Plaintiff alleges this "discipline" arose from his following the rules too strictly, as he attempted to evict a resident

for not performing a chore, while Nevers, an off-duty white employee told this same resident she did not have to do the chore, in contravention of defendant's alleged policy. Plaintiff additionally relates at length previous problems he has had with various white and African-American employees and supervisors, especially with Nevers. Notably, while explaining these work-related rifts, plaintiff does not indicate any of these incidents are racially motivated. Thus, while plaintiff makes the conclusory allegation that he was "fired, then rehired, on June 18, 2010, because of race, black" (Doc. 71, p. 14), his additional, extensive declarations state otherwise.

However, while the Court believes plaintiff's conclusory allegations of discriminatory intent are more than disingenuous, especially given their notable absence from plaintiff's EEOC charge and initial complaint, plaintiff's allegations of discrimination fail for a more fundamental reason. Most damaging to plaintiff's allegations, assuming plaintiff has sufficiently alleged that his "firing and simultaneous rehiring" was on the basis of his race, an allegation that plaintiff was "fired and simultaneous rehired" is clearly insufficient to constitute an "adverse employment action." In *Griffin v. Potter*, 356 F.3d 824 (7th Cir. 2004), the Seventh Circuit explained, "[a]n adverse employment action must be materially adverse, not merely an inconvenience or a change in job responsibilities." *Id.* at 829 (citing *Hilt–Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir.2002)). The court went on to explain that an adverse employment action "significantly alters the terms and conditions of the employee's job" and

does not include harder work assignments, increased commute, altered work hours, negative performance evaluations, oral or verbal reprimands, or refusal to approve requested vacation time. *Id.* (collecting cases).

Instantly, while termination is clearly an adverse employment action, plaintiff's allegation that he was "fired and simultaneously rehired" does not amount to termination. At most, plaintiff alleges he was verbally reprimanded for following defendant's policies too strictly. A verbal reprimand, due to allegations that plaintiff made a shelter resident cry because she thought she was being evicted, does not amount to an actionable adverse employment action.

Finally, plaintiff's second amended complaint is peppered with conclusory allegations of harassment, threats, and ridicule at the hands of various employees of defendant. Importantly, none of these allegations provide facts demonstrating such harassment and ridicule was race-related. These general allegations of hostility and harassment are similarly insufficient to plead an adverse employment action. *Hill-Dyson,* 282 F.3d at 466 (explaining harassment must be actionable harassment to be considered an adverse employment action, meaning harassment that is severe or pervasive). Thus, plaintiff's statements that he was "fired and simultaneously rehired" and generally "harassed" are insufficient to demonstrate an adverse employment action. Thus, plaintiff has not sufficiently alleged a race discrimination claim.

### iii.  Retaliation

To state a claim for retaliation under Title VII, a plaintiff must allege that he: 1. engaged in statutorily protected activity, 2. suffered an adverse employment action, and 3. that a causal connection exists between the two. *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 664 (7th Cir. 2006). Plaintiff has not sufficiently alleged a claim of retaliation for various reasons.

First, as to whether plaintiff has alleged he engaged in a statutorily protected activity, plaintiff filed a charge of discrimination with the EEOC on June 21, 2010 (Doc. 1, p. 9). It is undisputed that the filing of a charge of discrimination constitutes a statutorily protected activity. *Id.* However, plaintiff's allegation of termination and rehiring took place on June 18, 2010; three days prior to the filing of his EEOC charge. Obviously, there can be no causal connection between an alleged adverse employment action (which plaintiff has not alleged, as explained previously) that occurred *prior to* the protected activity. *See Culver v. Gorman & Co.*, 416 F.3d 540, 546 (7th Cir. 2005) (explaining a causal link between the protected expression and an adverse employment action may be established by showing that protected conduct was a substantial or motivating factor in the employer's decision).

Further, as the Court has previously informed plaintiff of the need for a causal connection between the protected activity and alleged adverse employment action (Doc. 48), his instant second amended complaint contains conclusory

statements concerning his report of harassment to supervisors prior to his "firing

and rehiring" on June 18, 2010. For example, plaintiff states he,

> [E]ngaged in statutory[ily] protected activity for retaliation when (a)
> plaintiff complained to Bobby Anderson in 2008 about Elaine
> Thomas (white female) harassing him, and to Susan Metcalf (white
> female, Executive Director in 2008,09) about Elaine Thomas
> harassment and Bobby Anderson (Plaintiff's and Elaine's Staff
> Supervisor) threatening to fire plaintiff if he complains about
> harassment again.

(Doc. 71, p. 10). While it appears informal complaints of race discrimination can

amount to statutorily protected activity, *Coleman v. Donahue*, 667 F.3d 835, 859-

60 (7th Cir. 2012), the above-statements, which do not indicate his complaints of

harassment stemmed from his membership in a protected class, obviously do not

suffice in this instance. *See Tomanovich*, 457 F.3d at 663 (explaining that

complaints concerning general grievances unrelated to status as member of

protected class are insufficient to constitute protected activity). Plaintiff's repeated

statements concerning complaints of "harassment" merely allege he generally

complained about certain white employees "harassing" him.

Additionally, plaintiff makes conclusory allegations of prior complaints

related to race. First, once again, these conclusory allegations, without facts in

support, do not meet the standards of *Twombly* and *Iqbal.* Second, plaintiff cites

to reports he previously filed as exhibits to his amended complaint in support of

his general allegation that he previously complained of "racial issues" (Doc. 71,

pp. 10, 11, 23, 24). While the Court will generally not review documents outside

of the pleadings when deciding a RULE 12(b)(6) motion, as plaintiff chose to attach

these reports to his previous amended complaint (Doc. 49-1), the Court shall consider them "part of the pleading for all purposes." *See* FED. R. CIV. P. 10(c). A review of these "incident reports" demonstrates plaintiff's complaints were not based on race-related harassment. Thus, plaintiff's general allegation that he complained about racial issues does not suffice as an allegation of statutorily protected activity. Finally, as explained previously and instantly reiterated, plaintiff has not sufficiently alleged an adverse employment action. *See Griffin,* 356 F.3d at 829. Thus, his allegations are wholly inadequate to state an actionable claim of retaliation.

### iv.  Hostile Work Environment

To state an actionable hostile work environment claim, plaintiff must allege the subject harassment was: 1. based on race, 2. subjectively and objectively hostile, and 3. sufficiently severe or pervasive to interfere with an employee's ability to perform his assigned duties. *Dandy v. United Parcel Serv., Inc.,* 388 F.3d 263, 271 (7th Cir. 2004). Under the objective hostility inquiry, courts may consider: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) 'whether it is physically threatening or humiliating, or a mere offensive utterance'; and (4) whether it unreasonably interferes with the employee's ability to complete his or her assigned duties." *Id.* (citing *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 23 (1993)).

Instantly, plaintiff's allegations of harassment are wholly insufficient to state a claim for hostile work environment. Importantly, while plaintiff's extensive

narrative cites, in the most general terms possible, many instances where he felt white and African-American employees were "harassing" and "intimidating" him, he does not allege any facts demonstrating said "harassment" was related to his race.   Plaintiff's allegations amount to a running narrative of his past disagreements with defendant's management, completely unrelated to race.   Thus, the Court finds a reasonable person would not find a work environment hostile based on plaintiff's allegations.

In sum, the Court, in complete agreement with defendant, finds plaintiff's allegations amount to, in the legal sense, "trivial harms, petty slights, [and] minor annoyances." *Stephens v. Erickson,* 569 F.3d 779, 790 (7th Cir. 2009) (internal quotations omitted). While such grievances undoubtedly seem very significant and aggravating to plaintiff, they do not amount to federal claims capable of providing plaintiff his requested relief.   Plaintiff has now been afforded three opportunities to state actionable claims. The Court is more than satisfied that such a task is impossible based on the conduct alleged. Defendant, a not-for-profit ministry, shall not be asked to challenge such legally insufficient claims for a fourth time.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss plaintiff's second amended complaint with prejudice for failure to state a claim (Doc. 72).    Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE**. The Clerk is instructed to enter judgment accordingly.


**IT IS SO ORDERED.**

Signed this 17th day of January, 2013.

Digitally signed by
David R. Herndon
Date: 2013.01.17
11:52:34 -06'00'

**Chief Judge**
**United States District Court**