IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LINZIE J. LEDBETTER,

    Plaintiff,

v.

GOOD SAMARITAN MINISTRIES,
*A Project of the Carbondale
Interfaith Counsel*,

    Defendant.                  Case No. 10-cv-740-DRH-SCW

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

Pending before the Court is plaintiff Linzie J. Ledbetter's "motion for retrial under Rule 59(a)(2)(B)," which the Court construes as a motion for relief from judgment under Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE (Doc. 80). Plaintiff has additionally filed a motion titled, "plaintiff's motions the court for sanctions from the defendant under Rule 37(a)(2),(4)(A), (b)(2)(A)(B)(C)(D),(c)(1) for failure to comply with May 13, 2011 Court's order to produce court order discovery" (Doc. 81). For the following reasons, both motions are **DENIED**.

## II. LAW AND APPLICATION

a. <u>Rule 59(e)</u>

As plaintiff filed his "motion for retrial under Rule 59(a)(2)(B)" within 28 days of judgment and he is challenging the Court's substantive application of law, the Court construes plaintiff's motion as a motion to alter or amend judgment under Rule 59(e). *See* Fed. R. Civ. P. 59(e); *Obriecht v. Raemisch,* 517 F.3d 489, 493-94 (7th Cir. 2008)

A motion for reconsideration serves the limited function of allowing a court to correct manifest errors of law or fact or to present newly-discovered evidence. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996); *see also Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.,* 762 F.2d 557, 561 (7th Cir. 1985). Thus, Rule 59(e) allows a court to alter or amend a previous order only if the movant demonstrates a manifest error of law or presents newly discovered evidence. *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). However, it is well-settled that it is improper "to advance argument or theories that could and should have been made before the district court rendered a judgment." *Id.* (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Accordingly, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse,* 90 F.3d at 1270.

The Court dismissed with prejudice plaintiff's second amended complaint alleging claims of race discrimination, retaliation, and hostile work environment, arising from his alleged firing and simultaneous rehiring in June 2010, on January 17, 2013 (Doc. 78). Instantly, plaintiff rehashes his arguments in opposition to dismissal and again reasserts that the Court does not understand his claims. Thus, plaintiff is merely asserting his disagreement with this Court's ruling. Accordingly, plaintiff's motion is **DENIED** as he has not demonstrated the Court made a manifest error of law or presented newly discovered evidence. *Caisse,* 90 F.3d at 1270.

While plaintiff's motion is summarily denied, the Court feels it necessary to address plaintiff's repeated references to his termination on October 20, 2010. While the Court is aware that plaintiff was terminated on October 20, 2010, such termination was not an allegation contained within plaintiff's second amended complaint (plaintiff's second amended complaint does not address events that took place later than June 2010), and it was not addressed in plaintiff's initial EEOC charge for which he received a right to sue letter on June 28, 2010, and filed with this Court on September 24, 2010 (Doc. 1, p. 11). Thus, the Court has not reviewed plaintiff's termination of October 20, 2010. Plaintiff is undoubtedly well-aware of this fact, as he has most recently filed a separate action on the basis of his termination on October 20, 2010, for which he was issued a right to sue letter on December 23, 2012. *See Ledbetter v. Good Samaritan Ministries, et al.,* 13-cv-308-DRH-SCW (Doc. 1). To reiterate, plaintiff's Rule 59(e) motion is

**DENIED**, as he merely disagrees with the Court's ruling dismissing the allegations of his second amended complaint (Doc. 80).

### b. Motion for Sanctions

Plaintiff argues sanctions are warranted against defendant as it failed to comply with Magistrate Judge Williams' May 13, 2011 Order directing defendant to verify "that no additional documentation exists concerning disciplinary or employment actions toward Plaintiff" (Doc. 39). Defendant filed a statement of compliance with Magistrate Judge Williams' Order on May 26, 2011 (Doc. 40). Plaintiff's motion for sanctions argues defendant violated Magistrate Judge Williams' Order because it did not provide plaintiff with the attached "notice of claim to chargeable employer" (Doc. 81, p. 8). Plaintiff requests that the Court "impose Rule 37 sanctions" against defendant for its alleged failure to follow the Magistrate Judge Williams' May 13, 2011 Order.

Defendant states the referenced notice is not a disciplinary or employment record as it does not address any discipline of plaintiff for any workplace activity and further because it is not a record of the employer. A review of the notice demonstrates it is an informational document sent to an employer by the Illinois Department of Employment Security after an employee has left employment for any reason and then has filed a claim for unemployment benefits.

Plaintiff seeks discovery sanctions. Sanctions are clearly not warranted in this case. Judgment has been entered, defendant did not act willfully or in bad faith, and the "notice" to which plaintiff refers does not concern a disciplinary

action against plaintiff and is relevant to his termination in October 2010. As stated above, plaintiff's termination was not contained within the allegations of his initial or second amended complaint. Thus, sanctions are not warranted under either Rule 16, 37, or 11. *See* Fed. R. Civ. P. 16, 37, and 11.

### III. CONCLUSION

**IT IS ORDERED** that plaintiff's Rule 59(e) motion is **DENIED** (Doc. 80). Further, plaintiff's motion for sanctions is **DENIED** (Doc. 81).

**IT IS SO ORDERED.**

Signed this 2nd day of April, 2013.

Digitally signed by David R. Herndon
Date: 2013.04.02 10:51:21 -05'00'

**Chief Judge**
**United States District Judge**